UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 504-CV-103
Eastern District of Texas, Texarkana Division

| | | |
|---|---|---|
| MOBILITY ELECTRONICS, INC., | ) | (In the United States District Court for the Eastern District of Texas) |
| Plaintiff, | ) | |
| | ) | **05·MBD·40007 FDS** |
| v. | ) | |
| FORMOSA ELECTRONIC INDUSTRIES, INC. | ) | |
| Defendant, | ) | |

### MOBILITY ELECTRONIC'S APPLICATION FOR AN ORDER COMPELLING THE PRODUCTION OF DOCUMENTS FROM FERRIS MARKETING, INC.
#### (Pursuant to Fed.R.Civ.P. 37(a))

On May 7, 2004, Plaintiff Mobility Electronics, Inc. ("Mobility") instituted a patent infringement action against Formosa Electronic Industries, Inc. ("Formosa"), in the United States District Court for the Eastern District of Texas (Docket No. 5:04-cv-00103-DF). Formosa has moved to dismiss the case on the ground of lack of personal jurisdiction. Mobility has conducted discovery to better oppose that motion. The order that Mobility seeks, in this Court, concerns discovery it has propounded to a non-party, Ferris Marketing, Inc. ("Ferris"). The discovery that Mobility seeks is, Mobility believes, important in opposing Formosa's motion to dismiss. Mobility must file its opposition to Formosa's motion to dismiss on April 20, 2005. Accordingly, Mobility requests a prompt hearing on its application to compel Ferris to produce the documents at issue.

**FILING FEE PAID:**
RECEIPT # _414530_
AMOUNT $ _39.00_
BY DPTY CLK _KA_
DATE _4-11-05_

ID # 427541v01/5112-1/ 04.08.2005

On February 28, 2005, Mobility served a subpoena duces tecum and a "Notice of Intent to Take Deposition on Written Questions" upon Ferris, which has offices at 311 Main Street, Worchester, Massachusetts 01615.  (Attached as Exhibit A, is a true copy of the subpoena to Ferris and the notice.)  Responses to the questions and the documents identified on pages 9 and 10 of the attached were to be provided by March 11, 2005.

On March 2, 2005, after service of the subpoena upon Ferris, counsel for Mobility, contacted counsel for Ferris, who suggested that documents responsive to the subpoena would be produced in a timely fashion.

On March 9, 2005, counsel for Ferris instead wrote to counsel for Mobility, indicating that Ferris was now objecting to producing any documents to the extent that the disclosure of the documents would reveal "Ferris' trade secrets and confidential and proprietary business information which Ferris will only disclose upon the parties' execution of a mutually acceptable protective order which has been accepted by the Court." Ferris further objected to the proposed venue for the deposition as "inconvenient for Ferris on that date[,]" and took the position that it would "not produce any documents in response to the subpoena unless compelled by the proper Court." (See Exhibit B, letter from Thomas J. Conte, Esq. dated March 9, 2005.)

Many of these had been addressed before or, at the very least, during a March 2, 2005 phone call between counsel.  For instance, even before serving the subpoena, Mobility had made clear that it would depose the custodian of the records for Ferris at any place that was convenient for Ferris, including its attorneys' office.  Further, Mobility invited Ferris' custodian to complete a business records affidavit, rather than actually appearing at a deposition.  Mobility provided Ferris with a copy of the protective order, previously agreed to by the parties in the litigation, which Mobility was further willing to adjust to address any legitimate concern Ferris might have

about its claimed trade secrets or confidential business information. In short, Mobility made great efforts to accommodate Ferris in its compliance with the subpoena and document requests, beginning over a month ago. (See Exhibit C, letter from John M. Jackson, Esq., dated March 10, 2005.)

Ferris did not respond until March 11, 2005, the same day that the deposition of Ferris' records custodian was to have occurred and Ferris' documents were to be produced. Ferris' lawyer nonetheless wrote: "be advised that we fully expect to work out any amicable arrangement with you in the next week for the production of Ferris Marketing, Inc.'s ("Ferris") documents in response to Mobility Electronics, Inc.'s subpoena for deposition on written questions and production of documents. However, until we finalize such an agreement, we wanted to preserve our client's rights under Rule 45 of the Federal Rules of Civil Procedure." (See Exhibit D, letter from Thomas J. Conte, Esq. dated March 11, 2005.)

On March 14, 2005, Ferris agreed to produce some of the documents, responsive to the subpoena, via overnight mail. Ferris agreed to produce the remaining documents after review of the protective order entered by the Eastern District of Texas. On March 16, 2005, counsel for Ferris was provided with a copy of the protective order and again agreed to produce the remaining responsive documents. Ferris failed to do so. (See Exhibit E, letter from John M. Jackson, Esq., dated March 23, 2005.)

Due to the urgent need to review these documents, Mobility set a deadline of March 25, 2005 for Ferris to produce documents. (See id.) On March 24, 2005, however, counsel for Ferris produced only six documents responsive to the subpoena. Many documents requested in the subpoena were not contained in Ferris' document production and still have not been made available to Mobility Electronics. For example, as set forth in Exhibit F, Ferris failed to produce

any e-mail communications with Formosa, Worldwide Marketing and/or CompUSA concerning the "Accused Products," as that term is defined in the subpoena. Mobility has substantial reason to believe these documents exist and are being withheld by Ferris. Further, Ferris has failed to produce documents sufficient to identify the employees who work or have worked in its Dallas office, as well as documents in the files of Gary Boyer and Ronald Ferris, both employees of Ferris.

On March 30, Mobility both identified gaps in Ferris' document production and requested a privilege log and a written representation that Ferris had searched for the documents identified by Mobility and that, after a good faith search, it could not find these documents. Again, because of the pressing deadlines on the motion to dismiss, Mobility demanded Ferris' response by March 31, 2005. (See Exhibit F, letter from John M. Jackson, Esq., dated March 30, 2005.)

On April 4, 2005, counsel for Ferris responded, by e-mail, indicating that, in substance, he had been very busy and that Ferris was in the process of making further inquiry into the documents in question. (See Exh. H.) Ferris did not commit to producing any additional documents by any specific date. To date, it has neither produced additional documents, nor provided any privilege log or statement that, after diligent inquiry, no documents exist.

Mobility has extended Ferris every courtesy in trying to obtain documents that should have been produced over a month ago pursuant to a valid subpoena. Mobility cannot wait indefinitely for the documents, as it must file its response to Formosa's motion to dismiss by Wednesday, April 20, 2005.

Ferris is aware that the documents sought are relevant and critical to the issues being briefed by the parties on Formosa's motion to dismiss.

## CONCLUSION

For the reasons set forth above, Mobility respectfully requests that this Court enter an order compelling the production, by no later than April 15, 2005, of all documents identified in Mobility's notice of intent to take deposition on written questions.

Respectfully submitted,

MOBILITY ELECTRONICS, INC.
By its attorneys,

Dustin F. Hecker, Esquire
Joseph W. Corrigan, Esquire
POSTERNAK BLANKSTEIN & LUND LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 973-6131

Dated: April 8, 2005

ID # 427541v01/5112-1/ 04.08.2005



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILITY ELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:04CV103 (DF) |
| | § | |
| FORMOSA ELECTRONIC | § | Jury Trial Demanded |
| INDUSTRIES INC., | § | |
| | § | Judge Folsom |
| Defendant. | § | |
| | § | |
| | § | |

## NOTICE OF SERVICE

**PLEASE TAKE NOTICE** that on **February 28, 2005,** I served the attached

**Subpoena in a Civil Case** via Private Process Server, by serving Thomas Conte, a

person authorized to accept service of process, on:

> **Ferris Marketing, Inc.**
> **311 Main Street**
> **Worchester, MA 01615.**

Respectfully submitted,

**Mobility Electronics, Inc.**


By:___/s/ Sean F. Rommel_____
        One of its Attorneys

**PATTON, ROBERTS, McWILLIAMS &
CAPSHAW, L.L.P.**

George L. McWilliams
State Bar No. 13877000
Sean F. Rommel
State Bar No. 24011612
2900 St. Michael Drive, 4th Floor
Texarkana, Texas 75503
(903) 334-7000
(903) 334-7007 – Fax

**JACKSON WALKER L.L.P.**
Robert P. Latham
Attorney-in-Charge
State Bar No. 11975500
Of Counsel:
Robert J. Garrey
State Bar No. 07703420
John M. Jackson
State Bar No. 24002340
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 953-6000
(214) 953-6170 - Direct
(214) 953-5822 – Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served through electronic filing to all counsel of record on this 18th day of March, 2005.

/s/ Sean F. Rommel_____
Sean F. Rommel

AO88 (rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

MOBILITY ELECTRONICS, INC.         **SUBPOENA IN A CIVIL CASE**

             v.

FORMOSA ELECTRONIC INDUSTRIES, INC.     Case Number:[1]      504-CV-103
                                       EASTERN DISTRICT OF TEXAS, TEXARKANA DIVISION

TO:     Ferris Marketing, Inc., through its registered agent:
        Gary Boyer
        14221 Dallas Parkway, Suite 1415
        Dallas, Texas 76015

☐     YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified
     below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
     deposition on written questions in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ferris Marketing, Inc., 14221 Dallas Parkway, Suite 1415, Dallas, Texas 75254 | March 7, 2005 9:00 a.m. |

☒     YOU ARE COMMANDED to produce the following documents or objects at the place, date, and time specified
     below (list documents or objects):
     See Notice of Intent to Take Deposition on Written Questions of Ferris Marketing, Inc. and Exhibit "C" attached.

| PLACE | DATE AND TIME |
|---|---|
| See above | See above |

☐     YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | February 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Robert P. Latham
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone (214) 953-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

FROM CA. LEGAL SUPPORT                    (FRI) 03. 11' 05  10:10/ST. 10:08/NO. 3513684279 P  2

| *Attorney or Party without Attorney:*<br>JACKSON WALKER, L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, TX 75202<br>*Telephone No:* 214-953-6000        *FAX No:* 214-953-5822 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |
| *Insert name of Court, and Judicial District and Branch Court.*<br>United States District Court District Of Massachusetts, Central Division | | | | |
| *Plaintiff:* Mobility Electronics, Inc. | | | | |
| *Defendant:* Formosa Electronic Industries, Inc. | | | | |
| **AFFIDAVIT OF SERVICE**<br>**SUBPOENA IN A CIVIL** | *Hearing Date:*<br>Fri, Mar. 11, 2005 | *Time:*<br>9:00AM | *Dept/Div:* | *Case Number:*<br>504-CV-103 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; ; Notice of Intent to Take Deposition on Written Questions of Ferris Marketing, Inc.; Exhibits "A, B & C"

3. a. *Party served:*                                 Ferris Marketing, Inc.
   b. *Person served:*                              Thomas Conte, person authorized to accept service of process

4. *Address where the party was served:*      311 Main Street
                                              Worchester, MA 01615

5. *I served the party:*
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Feb. 28, 2005 (2) at: 1:35PM
   b. *I received this subpena for service on:*      Tuesday, February 22, 2005

6. *Witness fees were offered or demanded, and paid:*      $40.00

7. *Person Who Served Papers:*                          *Fee for Service:*
   a. James Carey
   b. CLSS - NationWide Service Center (NWSC)
      2522 Lower Mason Creek Road
      Bandera, TX 78003
   c. (800) 899-2577, FAX (800) 998-2577

8. *I declare under penalty of perjury under the laws of the State of Massachusetts and under the laws of the United States America that the foregoing is true and correct.*

Judicial Council form POS-010
Rule 982.9.(a)&(b) Rev July 1, 2004

AFFIDAVIT OF SERVICE
SUBPOENA IN A CIVIL                    (James Carey)

9516000.50561

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MOBILITY ELECTRONICS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 504-CV-103 |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| FORMOSA ELECTRONIC | § | |
| INDUSTRIES INC., | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS MARKETING, INC.

TO:   FERRIS MARKETING, INC., by and through its registered agent, Gary Boyer,

14221 Dallas Parkway, Suite 1415, Dallas, Texas, 75254.

PLEASE TAKE NOTICE, that pursuant to Rules Rules 31, 34, and 45 of

the Federal Rules of Civil Procedure, Plaintiff Mobility Electronics, Inc., will take the

deposition of Ferris Marketing, Inc. ("Ferris") before a certified court reporter on March

7, 2005, beginning at 9:00 a.m. at Ferris's offices, 14221 Dallas Parkway, Suite 1415,

Dallas, Texas, 75254.  Such deposition will consist of answers to the written questions

attached as Exhibit "A" to be used as evidence in the trial of the above-entitled and

numbered cause.

Notice is further given that pursuant to Federal Rule of Civil Procedure 30(b)(6),

Ferris is requested to designate one or more authorized representatives to testify on the

matters set forth in the attached Exhibit "B."

NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS
MARKETING, INC.--Page 1 of 10

Notice is further given that pursuant to Federal Rule of Civil Procedure 30(b)(5), Ferris is requested to produce for inspection and copying those records listed in attached Exhibit "C" hereto.

Said deposition will be taken before a certified court reporter, licensed to administer oaths in the State of Texas, arranged by the offices of Janice Rogers & Associates. Defendant Formosa Electronics Industries, Inc. has fourteen (14) days after the receipt of this notice to serve cross-questions on the witness.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _____
Robert P. Latham
State Bar No. 11975500
Robert J. Garrey
State Bar No. 07703420
John M. Jackson
State Bar No. 24002340
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 953-6000
(214) 953-5822 – Fax

ATTORNEYS FOR MOBILITY
ELECTRONICS, INC.

NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS
MARKETING, INC.—Page 2 of 10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by first-class mail to the following counsel of record on this 16th day of February, 2005:

Mr. Jeffrey C. Lewis
Atchley, Russell, Waldrop & Hlavinka, L.L.P.
1710 Moores Lane – P.O. Box 5517
Texarkana, Texas 75503

Mr. Allen S. Rugg
Powell, Goldstein, Frazer & Murphy LLP
1001 Pennsylvania Ave., N.W.
6th Floor
Washington, D.C. 20004

*Counsel for Defendant Formosa Electronic Industries, Inc.*

Robert P. Latham

## EXHIBIT "A"

### DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

1. Please state your full name, occupation, and title.

2. Are you the custodian of records for Ferris?

3. Have you been served with a subpoena duces tecum for the production of all documents in the possession, custody, or control of Ferris relating to the topics set forth in Exhibit C below?

4. Have you produced all documents in the possession, custody, or control of Ferris relating to the topics set forth in Exhibit C below? If not, why not?

5. Have you delivered all documents produced by you in response to the subpoena duces tecum to the Officer taking your deposition? If not, why not?

6. Are you aware of any other records in the possession, custody, or control of Ferris that may relate to the topics set forth in Exhibit C below? If so, why were they not produced?

7. Do you have any reason to believe that the documents subject to this deposition have in any manner been edited, purged, redacted, culled, or in any other manner made different from the way such documents existed when created? If so, please explain your knowledge or belief in this regard.

8. How many pages of records have you produced today?

9. Are each of these records you produced today kept in the regular course of business by Ferris?

10. Were the documents you produced today prepared in the regular course of business of Ferris by an employee or representative of Ferris who had personal knowledge of the information recorded in such documents or who prepared such

documents based upon information obtained from another employee of representative of Ferris with such personal knowledge? If not, please explain.

     11.    Were each of the records you produced today created at or near the time of the events that they reflect or as soon thereafter as reasonably practicable? If not, please explain.

     12.    Are each of the records you produced today the original or exact duplicates of the original?

## EXHIBIT "B"

## SUBJECT MATTERS OF INTERROGATION

     1.    A custodian of records for Ferris Marketing, Inc., and more particularly, a custodian of records for the documents identified in Exhibit "C."

## EXHIBIT "C"

### I.

### INSTRUCTIONS

     In responding to any of the production requests contained herein, you are instructed as follows:

     1.    If any document requested herein was, but is no longer, in your possession, custody or control, state with particularity the disposition made of each such document, including the date of, method of and reason(s) for such disposition and the name and address, if known, of any person who has seen the document or who now has possession, custody or control thereof.

NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS MARKETING, INC.–Page 5 of 10

2.    Possession, custody and control does not require that you have actual physical possession; instead, if you have physical control or a superior right to compel production from another, the document must be produced.

## II.

## DEFINITIONS

As used in these interrogatories, the following terms have specific meanings as defined in this section:

1.    Formosa. "Formosa" means Formosa Electronics, Inc., the defendant herein, and/or its respective past and present affiliates, subsidiaries, predecessors, agents, employees, representatives, and any other person or entity purporting to act for or on its behalf including, but not limited to, Michael Wu and Circe Wu.

2.    Worldwide Marketing. "Worldwide Marketing" means Worldwide Marketing Limited and/or its respective past and present affiliates, subsidiaries, predecessors, agents, employees, representatives, and any other person or entity purporting to act for or on its behalf including, but not limited to, Ronald Ferris, Jr. and/or Ronald Ferris, Sr.

3.    CompUSA. "CompUSA" means CompUSA, Inc. and/or its respective past and present affiliates, subsidiaries, predecessors, agents, employees, representatives, and any other person or entity purporting to act for or on its behalf.

4.    You(r). "You," "your," and "Ferris" mean Ferris Marketing, Inc. and/or its respective past and present affiliates, subsidiaries, predecessors, agents, employees, representatives, and any other person or entity purporting to act for or on its behalf including, but not limited, to Gary Boyer, Ronald Ferris, Jr., and/or Ronald Ferris, Sr.

5.    Document(s). "Document" and "documents" mean the original, or a copy thereof, if the original is not available, of every written, printed, typed, recorded, reported, electronic, or graphic record or material of every type and description, including every draft and/or non-identical copy thereof, that is in the actual or constructive possession, custody or control of Ferris, including, but not limited to, all correspondence, letters, communications, memoranda, notes, files, records, agreements, contracts, proposed contracts or agreements, whether or not actually consummated, reports, logs, studies, summaries, agendas, bulletins, notices, announcements, instructions, charts, manuals, models, graphs, photographs, diagrams, slides, brochures, publications, books, minutes, including minutes of board of directors meetings and executive meetings, partnership meetings and management or executive partnership committee meetings, computer printouts, computer programs (including object and source code), computer-based data, including all information held, stored or compiled by or on computer software (or data-processing equipment), schedules, drawings, emails, tapes, tape recordings, voice recordings, sound recordings, transcripts, presentations, simulations, inter-office memoranda, articles of newspapers, magazines and other publications, telegrams, telexes, purchase orders, lists, proposals, invoices, plans, specifications, estimates, forecasts, projections, research and development documents, exhibits, addenda, statements, receipts,   confirmation slips, evidence of payments, bills, diaries, calendars, bills of lading, cancelled checks, and any copy of a document bearing notations, markings or writings of any kind or nature different from the original.

6.    Communications. "Communications" means any transmission, exchange or transfer of information by any means whatsoever, including oral or written, formal or

NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS
MARKETING, INC.—Page 7 of 10

informal, verbal or digital, and including, but not limited to, letters, numbers, images, symbols, data, photographs, and sound.

7.    <u>Concerning or relating to</u>.  "Concerning" or "relating to" mean in whole or in part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

8.    <u>Accused Products</u>.  "Accused Products" means any of the following products and/or any component thereof, individually, collectively and/or in any combination: (1) Formosa's 140 watt universal AC/DC adapter (Model Nos. KC-1HW and ACDC100W) (including, without limitation, the version of this product that is private labeled and sold as the iConcepts Mobility Universal AC/DC All in One Power Adapter); (2) Formosa's 72 watt universal auto/air adapter (Model Nos. DD-72W and ACP-72W) (including, without limitation, the version of this product that is private labeled and sold by Micro Innovations and/or available for purchase on datavis.com or titannotebook.com as the Universal Auto/Air Power Adapter for Most Common Notebooks); (3) Formosa's 75 watt universal AC adapter (Model No. AD-75-W) (including, without limitation, the version of this product that is private labeled and sold by Expert Computer International, Inc. and/or Micro Innovations and available for purchase on titannotebook.com and/or datavis.com as the Universal AC Adapter for Most Common Notebooks or the World Wide AC Power Adapter); (4) Formosa's 100 watt AC adapter (including, without limitation, the version of this product that is private labeled and sold by CompUSA as the

NOTICE OF INTENT TO TAKE DEPOSITION ON WRITTEN QUESTIONS OF FERRIS
MARKETING, INC.--Page 8 of 10

Masterpower Universal Notebook Power Adapter); (5) Formosa's 5 watt universal AC adapter (Model Nos. AD-5W and ER-AC1); (6) Formosa's universal external battery for laptops (Model Nos. SPD-2 and SPD-4); and (7) Formosa's 5 watt universal external battery (Model No. SPD-5).

### III.

### DOCUMENTS REQUESTED

1.     All documents relating to any communications between you and Formosa.

2.     All documents relating to any meetings between you and Formosa.

3.     All documents relating to any communications between you and Worldwide Marketing concerning the Accused Products and/or Formosa.

4.     All documents relating to any communications between you and CompUSA concerning the Accused Products and/or Formosa.

5.     All documents relating to any meetings between you and Worldwide Marketing concerning the Accused Products and/or Formosa.

6.     All documents relating to any meetings between you and CompUSA concerning the Accused Products and/or Formosa.

7.     Documents sufficient to identify all Ferris employees who work in the Dallas office.

8.     To the extent not produced previously, documents sufficient to identify all phone calls between Ferris' Dallas office and Formosa.

9.     All documents relating to any invoices Ferris received from Formosa.

10.     All documents relating to any monies paid by Ferris to Formosa.

11.    All documents in Gary Boyer's files including any electronic mail folders relating to Formosa and/or the Accused Products.

12.    All documents in Ronald Ferris, Jr. and/or Ronald Ferris, Sr.'s files including any electronic mail folders relating to Formosa and/or the Accused Products.





*Bowditch*
*&Dewey*
ATTORNEYS

Direct telephone: (508) 926-3415
Direct facsimile: (508) 929-3006
Email: tconte@bowditch.com

March 9, 2005

*Via Facsimile and*
*First Class Mail*

John M. Jackson, Esquire
Jackson Walker LLP
901 Main Street, Suite 6000
Dallas, TX 75202

Re:   **Mobility Electronics, Inc. v. Formosa Electronic Industries, Inc.**
      **United States District Court, District of Massachusetts, Central Division;**
      **Civil Action No. 504-CV-103--Eastern District of Texas, Texarkana Division**

Dear Mr. Jackson:

As you are aware, this firm represents Ferris Marketing, Inc. ("Ferris") concerning the above-referenced matter.

I am in receipt of Plaintiff's Subpoena, which was served on February 28, 2005, commanding Ferris to appear for a deposition on written questions at its own office and produce documents on March 11, 2005.

In this regard, we have engaged in a conversation in an effort to narrow the subpoena and potentially arrange to produce documents in lieu of Ferris' appearance. However, to date we have not yet reached an agreement.

As such, to preserve its rights, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Ferris objects to this subpoena on the grounds that it is ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Ferris further objects to the subpoena to the extent that it seeks Ferris' trade secrets and confidential and proprietary business information which Ferris will only disclose upon the parties' execution of a mutually acceptable protective order which has been accepted by the Court.

Ferris further objects to the subpoena on the grounds that it seeks documents protected from disclosure by the attorney-client privilege, work-product doctrine and/or joint defense privilege/common interest doctrine.

{PG LHENTS H:061 326\0100 0051 23X4.DOCH}

BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com      *Boston  Framingham  Worcester*

Page 2

      Ferris objects to the subpoena to the extent that the place designated for the deposition, Ferris' own office, is very inconvenient for Ferris on that date. Ferris requests that venue be changed to this firm.

      For the foregoing reasons, my client reserves its rights not to produce any documents in response to this subpoena unless compelled by the proper Court.

      Notwithstanding, my client is ready and willing to reconsider its position in the event that counsel are able to reach an agreement, narrowing the category of documents sought by Plaintiff's counsel, changing the location of the deposition and entering into a mutually acceptable protective order which has been accepted by the Court.

      Please contact me if you would like to discuss this matter in further detail in an attempt to work out an amicable resolution to this matter, otherwise I do not plan to take any action until I hear from you.

                 Sincerely,

                 Thomas J. Conte

TJC/hlb



# *Bowditch*
# *&Dewey*
#### ATTORNEYS

Direct telephone: 508-926-3415
Direct facsimile: 508-929-3006
Email: tconte@bowditch.com

## *FACSIMILE TRANSMITTAL SHEET*

| | |
|---|---|
| *TO:* John M. Jackson, Esquire | *FAX NUMBER:* 214-953-5822 |
| *DATE:* March 9, 2005 | *PHONE NUMBER:* 214-953-6109 |
| *FROM:* Thomas J. Conte | *TOTAL NO. OF PAGES INCLUDING COVER:* 3 |
| *RE:* Mobility Electronics Inc. v. Formosa Electronic Industries, Inc. | *CLIENT/MATTER NUMBER:* 061556.0100 |

☐ URGENT    ☐ FOR REVIEW.    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

Please see attached.

## CONFIDENTIALITY NOTE

The documents accompanying this facsimile transmission contain information from the law firm of Bowditch & Dewey, LLP which is confidential and/or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this faxed information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

If you do not receive all pages or receive this fax in error, please call Heather Binienda at (508) 926-3384.

{J:\fiinfo\TJC-FAX.DOC;1}

BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com                    Boston  Framingham  Worcester





ATTORNEYS & COUNSELORS
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 • fax (214) 953-5822
www.jw.com

JACKSON WALKER L.L.P.

John M. Jackson
(214) 953-6109 (Direct Dial)
(214) 661-6645 (Direct Fax)
jjackson@jw.com

March 10, 2005

<u>**VIA FACSIMILE NO. (508) 929-3006**</u>

Mr. Thomas J. Conte
Bowditch & Dewey
311 Main Street
P. O. Box 15156
Worcester, MA  01615-0156

> Re:   *Mobility Electronics, Inc. v. Formosa Electronic Industries, Inc.*; Subpoena
> to Ferris Marketing, Inc. issued by the United States District Court for the
> District of Massachusetts, Central Division, in Civil Action No. 5:04CV103
> pending in the United States District Court for the Eastern District of Texas.

Dear Mr. Conte:

I write concerning your letter dated March 9, 2005 in which you assert a number of objections to Mobility's subpoena and related document requests and state that it is your intention to fail to produce any responsive documents.

Initially, I should point out that, in light of the lengthy and cordial telephone conference we had concerning these issues on March 2, 2005, we are both surprised and disappointed by your response. At that time, we discussed the fact that we needed Ferris to produce documents responsive to our request by March 11, 2005 because there are motions pending in the lawsuit and Mobility's deadline to respond to those motions is fast approaching. During our telephone conference, you led us to believe that you would be willing to cooperate and work through any concerns Ferris had with the subpoena. Instead, you waited until shortly before Ferris' deadline to respond and advised us that you would not be producing any documents "unless compelled by the proper Court."

In addition to being troubled by the timing of Ferris' objections, we are also concerned by the fact that many of these purported objections relate to matters that we have already discussed and resolved. For example, although Ferris objects to the subpoena on the grounds that it requires Ferris to appear for a deposition on written questions at its office, as you are well aware, in my February 22, 2005 e-mail to Mike Refolo, I explained that, "[a]lthough we identified Ferris' office in Norwood as the place of the deposition (to minimize the inconvenience to Ferris), we would be happy to move it to your office or any

Austin
Dallas
Fort Worth
Houston
Richardson
San Angelo
San Antonio

Member of GLOBALAW™

Mr. Thomas J. Conte
March 10, 2005
Page 2

---

other location that is more convenient for you or Ferris." Further, during our March 2, 2005 telephone conference, in response to your concerns about requiring Ferris to undergo a deposition upon written questions, we offered to allow Ferris to produce a business records affidavit instead of a deposition. In light of this discussion, we have no idea why you felt the need to object to the location of the deposition. In any event, please let us know whether Ferris would rather participate in a short deposition on written questions at your office or produce a business records affidavit.

Ferris also objects to producing documents on the grounds that the subpoena calls for the production of trade secrets and other confidential business information. As we discussed on March 2, 2005, documents produced by third parties in this lawsuit are covered by a stringent protective order. At that time, we explained that any documents that are designated "Confidential" under the protective order will be treated as attorney's eyes only unless and until that designation is successfully challenged. We also explained that, in the even you found the protective order to be inadequate to protect Ferris' interests, we would be willing to modify the protective order to address any concerns you might have. On March 3, 2005, I sent you a copy of the agreed protective order. To date, however, you have failed to provide any comments concerning that protective order. In the event you would like us to modify the protective order, please contact us immediately to discuss your comments.

Ferris also asserts a number of boilerplate objections (e.g., that the requests are ambiguous, overly broad, vague, not relevant, etc.). As we discussed at length on March 2, 2005, Mobility only requests twelve categories of documents and these requests are all directly related to the issue of whether Formosa is subject to personal jurisdiction in Texas. Because Ferris' Dallas office was involved in the sale of Formosa's accused products to CompUSA - a Ferris customer based in Dallas, Texas - Ferris is likely to have a number of documents that are relevant to the jurisdictional inquiry. These documents include Ferris' communications and meetings with Formosa and CompUSA, documents relating to Ferris' Dallas office, and information concerning Ferris' business transactions with Formosa. These documents are plainly relevant to the issue of whether Formosa is subject to specific jurisdiction in Texas and/or whether Formosa is subject to general jurisdiction pursuant to Fed. R. Civ. P.4(k)(2).

To the extent Ferris objects to the scope of the document requests, I would point out that, during our March 2, 2005 telephone conference, we made several proposals that would have reduced the scope of the subpoena. I also left you a voice message on Tuesday, March 8, 2005 asking whether you had any additional questions or concerns about the subpoena. To date, however, you have not responded to our proposal or returned my phone call. If you continue to have concerns about the scope of the document requests, please give us a call to discuss those concerns.

Mr. Thomas J. Conte
March 10, 2005
Page 3

_____

  We would greatly prefer to resolve this matter without court intervention. Accordingly, in the event you continue to have concerns about Mobility's subpoena, please give us a call as soon as possible.  If we do not hear from you by noon E.S.T. on Friday, March 11, 2005, we will assume that Ferris has no interest in resolving this matter.

      Sincerely,

      John M. Jackson

cc:  Mike Refolo

Mr. Thomas J. Conte
March 10, 2005
Page 4

---

boc:    Robert P. Latham

        Robert J. Garrey


JMJ:tp



3859756v.1

ATTORNEYS & COUNSELORS
901 Main Street, Suite 6000
Dallas, TX 75202
(214) 953-6000, Fax (214) 953-5822
www.jw.com



JACKSON WALKER L.L.P.

## FACSIMILE

DATE:        March 10, 2005                    DIRECT DIAL NUMBER:      (214) 953-6109

FROM:        John M. Jackson                   DIRECT FAX NUMBER:       (214) 661-6645

| NAME | COMPANY NAME | FACSIMILE NUMBER | PHONE NUMBER |
|------|--------------|------------------|--------------|
| Thomas J. Conte | Bowditch & Dewey | 508-929-3006 | 508-926-3415 |
| Mike Rofolo | Bowditch & Dewey | 508-756-7636 | |

**PLEASE CALL (214) 953-6109
IF YOU DO NOT RECEIVE ALL PAGES.**

FOR INTERNAL USE ONLY:

CLIENT/MATTER NO.:   101950/00192

TK ID:      JMJ2        PAGE COUNT:   4

MESSAGE:

This facsimile is intended only for the use of the addressee. If the addressee of this facsimile is a client or agent for one of our clients, you are further advised that the facsimile contains legally privileged and confidential information which we intended to send to the addressee only.

In any event, if you are not the intended recipient of the facsimile, you are hereby notified that you have received this facsimile inadvertently and in error. Any review, dissemination, distribution or copying of this is strictly prohibited. If you have received this in error, please immediately notify us by telephone and return the original facsimile to us at the address above via the United States Postal Service. We will reimburse any costs you incur in notifying us and returning the facsimile to us.

3859943v.1

Austin
Dallas
Fort Worth
Houston
Richardson
San Angelo
San Antonio

Member of GLOBALAW™

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 03/10/2005 14:55
                              NAME  : JW
                              FAX   : 2149536014
                              TEL   :
                              SER.# : BROD3J390467
```

```
DATE,TIME              03/10  14:54
FAX NO./NAME           815089293006101950×00192
DURATION               00:01:22
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 03/10/2005 14:58
                                    NAME  : JW
                                    FAX   : 2149536014
                                    TEL   :
                                    SER.# : BROD3J390467
```

```
DATE,TIME              03/10  14:57
FAX NO./NAME           815087567636101950*00192
DURATION               00:01:19
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```





**Bowditch**
**&Dewey**
ATTORNEYS

Direct telephone: (508) 926-3415
Direct facsimile: (508) 929-3006
Email: tconte@bowditch.com

March 11, 2005

***VIA FACSIMILE AND REGULAR MAIL***

John M. Jackson, Esquire
Jackson Walker LLP
901 Main Street, Suite 6000
Dallas, TX 75202

***Re:***    ***Mobility Electronics, Inc. v. Formosa Electronic Industries, Inc.***
       ***United States District Court, District of Massachusetts, Central Division;***
       ***Civil Action No. 504-CV-103--Eastern District of Texas, Texarkana Division***

Dear Mr. Jackson:

      I am in receipt of your letter dated March 10, 2005 concerning the above-referenced lawsuit.

      Without addressing point-by-point the comments in your letter, I wanted to get back with you as you requested. Please be advised that we fully expect to work out an amicable arrangement with you in the next week for the production of Ferris Marketing, Inc.'s ("Ferris") documents in response to Mobility Electronics, Inc.'s subpoena for deposition on written questions and production of documents. However, until we finalize such an arrangement, we wanted to preserve our client's rights under Rule 45 of the Federal Rules of Civil Procedure.

      I am out of the office at client meetings all afternoon. I will provide you with my comments concerning the proposed protective order by Monday. Barring any unforeseen problems with the protective order, upon its acceptance by the Court, we will provide you with copies of Ferris' non-privileged responsive documents.

      Finally, we in no way seek to limit your client's right to request or reschedule the deposition on written questions or to take my client's deposition in accordance with the Federal Rules of Civil Procedure.

{J:\CLIENTS\lit\305156\0001\00251S123.DOC;1}

BOWDITCH & DEWEY, LLP  311 MAIN STREET  PO BOX 15156  WORCESTER, MA 01615-0156
T 508 791 3511  F 508 756 7636  www.bowditch.com

*Boston   Framingham   Worcester*



I trust that this responds to your letter.  Please contact me if you have any questions or concerns.

Sincerely,

Thomas J. Conte

TJC/hlb





ATTORNEYS & COUNSELORS
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 • fax (214) 953-5822
www.jw.com

JACKSON WALKER L.L.P.

John M. Jackson
(214) 953-6109 (Direct Dial)
(214) 661-6645 (Direct Fax)
jjackson@jw.com

March 23, 2005

**_VIA FACSIMILE NO. (508) 929-3006_**

Mr. Thomas J. Conte
Bowditch & Dewey
311 Main Street
P. O. Box 15156
Worcester, MA  01615-0156

> Re:   *Mobility Electronics, Inc. v. Formosa Electronic Industries, Inc.*; Subpoena
> to Ferris Marketing, Inc. issued by the United States District Court for the
> District of Massachusetts, Central Division, in Civil Action No. 5:04CV103
> pending in the United States District Court for the Eastern District of Texas.

Dear Mr. Conte:

I write concerning Ferris Marketing, Inc.'s failure to produce documents responsive to the subpoena in the referenced matter.

As you recall, on Monday, March 14, 2005, we had a telephone conference in which you agreed to produce a portion of the documents responsive to the subpoena via overnight mail. You further agreed that, as soon as we sent you a copy of the Agreed Protective Order signed by Judge Folsom, you would send the remaining responsive documents. On March 16, 2005, I sent you a copy of the Protective Order signed by Judge Folsom and again requested that you send all Ferris Marketing's responsive documents by overnight mail. To date, however, we still have not received any documents from Ferris Marketing.

We would greatly prefer to resolve this matter without court intervention. Accordingly, if you have not already done so, please send us Ferris Marketing's document production in a manner sufficient to ensure that we receive it by no later than Friday, March 25, 2005. Please give me a call should you have any questions.

Sincerely,

John M. Jackson

Austin
Dallas
Fort Worth
Houston
Richardson
San Angelo
San Antonio

Member of GLOBALAW™

Mr. Thomas J. Conte
March 23, 2005
Page 2

cc:  Mike Refolo

Mr. Thomas J. Conte
March 23, 2005
Page 3

_____

boc:    Robert P. Latham

        Robert J. Garrey

JMJ:tp

3877161v1





ATTORNEYS & COUNSELORS
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 953-6000 • fax (214) 953-5822
www.jw.com

JACKSON WALKER L.L.P.

John M. Jackson
(214) 953-6109 (Direct Dial)
(214) 661-6645 (Direct Fax)
jjackson@jw.com

March 30, 2005

<u>**VIA FACSIMILE NO. (508) 929-3006**</u>

Mr. Thomas J. Conte
Bowditch & Dewey
311 Main Street
P. O. Box 15156
Worcester, MA  01615-0156

>Re:   *Mobility Electronics, Inc. v. Formosa Electronic Industries, Inc.*; Subpoena
>to Ferris Marketing, Inc. issued by the United States District Court for the
>District of Massachusetts, Central Division, in Civil Action No. 5:04CV103
>pending in the United States District Court for the Eastern District of Texas.

Dear Mr. Conte:

We have received your March 24, 2005 correspondence and the documents that Ferris Marketing, Inc. ("Ferris") sent in response to the subpoena. While we are pleased that you ultimately sent these documents, we were disappointed that you failed to produce them prior to the depositions that we had scheduled for March 21-22, 2005 as you previously agreed. We also find it curious that you refused to produce the documents electronically in .pdf format given that Ferris' entire document production consisted of only six pages of documents. In any event, I write to address deficiencies in the substance and quality of Ferris' production, not the timing thereof.

First, it appears that Ferris is withholding a substantial number of documents on the grounds that they are privileged from production. As such, we request that Ferris produce a privilege log of all documents being withheld. Because time is of the essence, we request that you produce the privilege log by no later than Thursday, March 31, 2005 at 5:00 p.m. E.S.T.

Second, we have good reason to believe that there are a number of gaps in Ferris' production. We find it incredible that Ferris has only 6 pages of responsive documents. Among other things, Ferris has failed to produce any e-mail communications with Formosa, Worldwide Marketing and/or CompUSA concerning the Accused Products. It has also failed to produce a single document relating to meetings with these entities. We have substantial reason to believe that such documents exist and are being withheld.

Mr. Thomas J. Conte
March 30, 2005
Page 2

Additionally, Ferris has failed to produce documents sufficient to identify the employees who work or have worked in its Dallas office as well as the documents in the files of Gary Boyer and Ronald Ferris. We respectfully request that you review Ferris' files one more time to determine if Ferris has any additional responsive documents. In the event you do not find additional responsive documents, we request that you send us a representation in writing that you have searched Ferris' files (including electronic files) for documents responsive to Mobility's subpoena and that you were not able to locate any additional responsive documents. Given the urgency surrounding our request, we request that you provide this representation by no later than Thursday, March 31, 2005 at 5:00 E.S.T.

In the event that Ferris does not have additional documents, it may be necessary to take the oral deposition of one or more Ferris employees. Although we were optimistic that we would be able to obtain the necessary jurisdictional evidence through e-mail correspondence and other documents responsive to the subpoena, if Ferris truly does not have any additional responsive documents (either because it has destroyed them or does not maintain adequate records), it may be necessary to depose several Ferris employees to obtain this information.

It is our strong preference to resolve this matter without court intervention. However, if we do not receive both a privilege log and either additional responsive documents or a representation that you have searched for such documents and confirmed that they do not exist, we will seek judicial enforcement of the subpoena and will also seek to recover Mobility's attorneys' fees and costs from Ferris.

Please give me a call should you have any questions.

Sincerely,

John M. Jackson

cc: Mike Refolo

Mr. Thomas J. Conte
March 30, 2005
Page 3

_____

boc:    Robert P. Latham

        Robert J. Garrey

JMJ:tp

3883001v.1



**Jackson, John**

| | |
|---|---|
| **From:** | Conte, Thomas J. [TCONTE@bowditch.com] |
| **Sent:** | Monday, April 04, 2005 3:39 PM |
| **To:** | Jackson, John |
| **Subject:** | Mobility v. Formosa; Ferris Marketing |

John: I am in receipt of your most recent letter. Due to proceedings in other cases and scheduling issues I have not yet been able to formally respond to your letter.

While I disagree with most of your comments and characterizations concerning our previous discussions/correspondence, in an effort to attempt to resolve this purported dispute, we are in the process of making further inquiry with respect to non-privileged responsive documents. I should be in a position to formally respond to your letter by Friday of this week.

This does not in any way constitute a waiver of any kind with respect to Ferris' objections.

Please contact me if you have any questions or concerns. TJ

Thomas J. Conte
Bowditch & Dewey LLP
311 Main Street, PO Box 15156
Worcester, MA 01615-0156
508-926-3415 Direct Phone
508-929-3006 Fax

This e-mail message is generated from the law firm of Bowditch & Dewey, LLP and contains information that is confidential and may be privileged as an attorney/client communication or as attorney work product. The information is intended to be disclosed solely to the addressee(s). If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this email information is prohibited. If you have received this email in error, please notify the sender by return email and delete it from your computer system. For more information about Bowditch & Dewey, please visit our web site at www.bowditch.com